*JURY TRIAL DEMANDED*

## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| CONTROL NEW MLSS LLC | ) | |
| and EDWARD "Coach" WEINHAUS | ) | |
| an individual | ) | Case No. |
|           Plaintiffs, | ) | |
| VS. | ) | |
| | ) | |
| BRIAN TIMPONE an individual, | ) | |
| SOUTHERN CB, LLC., | ) | |
| NEWSINATOR, LLC., DIRECTECH, LLC., | ) | |
| ANDREW McKENNA, an individual, | ) | |
| TIMOTHY DUNN an individual, | ) | |
| BRAD CAMERION, an individual, | ) | |
| | ) | |
|         Defendants. | ) | **JURY TRIAL DEMANDED** |
| | ) | |

## COMPLAINT FOR EQUITABLE AND LEGAL RELIEF

Plaintiff, CONTROL NEW MLSS LLC (hereinafter "CNML") and Plaintiff EDWARD

"Coach" WEINHAUS an individual, (hereinafter "WEINHAUS" and jointly with CNML

"PLAINTIFFS") an individual, through counsel do hereby bring this Complaint against

Defendants NEWSINATOR, LLC.,(hereinafter "NEWSINATOR") DIRECTECH,

LLC.,(hereinafter: "DIRECTECH"), SOUTHERN CB, LLC., (hereinafter "SOUTHERN CB"),

BRIAN TIMPONE, an individual, (hereinafter "TIMPONE"), ANDREW McKENNA, an

individual, (hereinafter "McKENNA"), TIMOTHY DUNN (hereinafter "DUNN") an

individual, and BRAD CAMERON (hereinafter "CAMERON") an individual and hereinafter

jointly "DEFENDANTS." In support thereof the Plaintiffs state as follows:

## NATURE OF THE ACTION

1.    This is an action in diversity for violation of the Missouri Uniform Fraudulent Transfer Act

UFTA Sec. 428.005-428.059 et seq., Common Law Fraudulent Conveyance, Common Law

Aiding and Abetting, and an action to Pierce the Corporate Veil under Missouri law for a series

of fraudulent acts to convey assets rightly subject to a potential judgment by Plaintiffs.

## JURISDICTION AND VENUE

2.    This Court has diversity jurisdiction as this controversy exceeds Seventy-Five Thousand

Dollars ($75,000.00) involving parties with complete diversity of citizenship. Further it includes

injunctive relief related to assets greater than $75,000.

3.    WEINHAUS is a resident of the State of Missouri as are all the members of the

unincorporated association CNML. Each of the individual defendants live in a state other than

Missouri. Each of the other defendants (SOUTHERN CB, DIRECTECH, and

NEWSINATOR) are unincorporated associations who have either been purportedly dissolved

and whose last existing (or current) members were (are) non-residents of Missouri. 28 U.S. Code

§ 1332. No existing member of any of the DEFENDANT unincorporated associations resides

in Missouri.

4.    McKENNA and TIMPONE took actions in Missouri as responsible agents for one or more

Missouri entities with headquarters in St. Louis County where the actions and events here took

place. McKENNA, TIMPONE, DIRECTECH, NEWSINATOR, and SOUTHERN CB took

one or more unlawful acts in the State of Missouri in St. Louis County. The actions taken herein

by all DEFENDANTS all had their intended tortious effect against the PLAINTIFFS in St.

Louis County, Missouri. Venue is proper in this Court.

## PARTIES

5.    Plaintiff WEINHAUS at all times relevant has been a resident of Missouri.

6.    CNML has at all times been an unincorporated association formed in Missouri with all of its

members being residents of Missouri for all times relevant.

7.    Defendant TIMPONE was at all times relevant a resident of the State of Illinois.

8.     Defendant McKENNA was at all times relevant a resident of the State of Wisconsin.

9.    Defendant DUNN was at all times relevant a resident of the State of Texas.

10.  Defendant CAMERON was at all times relevant a resident of the State of Texas.

11. Defendant NEWSINATOR was at all times relevant an unincorporated association formed under the laws of Missouri with members who were not residents of Missouri.

12. Defendant DIRECTECH was at all times relevant an unincorporated association formed under the laws of Delaware with members who were not residents of Missouri and who assumed successor liability for Defendant NEWSINATOR. (DIRECTECH merged with a Delaware entity also by the name of "Newsinator LLC" however, for purposes of clarity, this Complaint uses the name 'NEWSINATOR' for the Missouri entity, and 'DIRECTECH' for the combined Delaware entities.)

13. Defendant SOUTHERN CB was at all times relevant an unincorporated association formed under the laws of Missouri with members who were not residents of Missouri.

## FACTS

14. In 2008, WEINHAUS and CNML, and TIMPONE created and organized NEWSINATOR as a Missouri Limited Liability Company for any lawful business purposes.

15. PLAINTIFFS successfully operated NEWSINATOR until on or about January 2013 and developed its assets including but not limited to technology, processes, employees, customers, products, services, business relationships, cash, established credit, and more. At that time, PLAINTIFFS signed an agreement to transfer their membership interests to TIMPONE.

16. In March 2014, PLAINTIFFS sent a Complaint naming NEWSINATOR and TIMPONE as defendants as part of a derivative shareholder demand to a company NEWSINATOR and TIMPONE owned, controlled, and operated ("DERIVATIVE SUIT COMPANY") for the DERIVATIVE SUIT COMPANY to pursue against them ("Demand"). [The Honorable Thomas Allen (ret.) in the subsequent Cook County Lawsuit (*infra*) found that the DERIVATIVE SUIT COMPANY'S decision not to respond to the demand granted PLAINTIFFS the right to sue on the DERIVATIVE SUIT COMPANY'S behalf.]

17. By the end of 2014, the DERIVATIVE SUIT COMPANY authorized PLAINTIFFS' lawsuit in the Demand to go forward by deciding not to respond or object to the Demand. At

that time, PLAINTIFFS became potential judgment creditors with a known claim to be filed

before a trial court. However, DEFENDANTS TIMPONE, McKENNA, NEWSINATOR and

DIRECTECH hid the information from PLAINTIFFS that they could proceed. They intended

to  prevent the DERIVATIVE SUIT COMPANY from responding to the Demand to allow

those DEFENDANTS time to move NEWSINATOR's assets.

18.  By the end of 2014, all NEWSINATOR assets were thus subject to the legal interest of

PLAINTIFFS.

19.  The DERIVATIVE SUIT COMPANY's actions authorized CNML (as directed by

WEINHAUS) to pursue actions on the DERIVATIVE SUIT COMPANY's behalf against

McKENNA, NEWSINATOR, and TIMPONE in Cook County Illinois. CNML (as directed by

WEINHAUS) later won financial redress on behalf of the DERIVATIVE SUIT COMPANY's

members in a subsequent second case in Cook County which had also named as defendants

McKENNA, TIMPONE, and a purported successor to NEWSINATOR.

20.  Upon notice of the forthcoming Cook County Lawsuit (*infra*), Defendants TIMPONE,

NEWSINATOR, SOUTHERN CB, DIRECTECH and McKENNA began jointly seeking to

shield NEWSINATOR assets from judgment by devising a plan to shift its assets wherever they

so deemed for inadequate consideration to avoid PLAINTIFFS' action while simultaneously

acting to delay the impending Cook County Lawsuit which was legally authorized.

21.  They continued to pursue delay through such fraudulent means as verbally agreeing to a

settlement, beginning to perform on the settlement, and then stopping once they believed the

assets were successfully transferred out of NEWSINATOR.

22.  By early 2015, they had jointly engaged an attorney to help devise and execute their plan.

23.  In January of 2015, TIMPONE, NEWSINATOR, SOUTHERN CB, DIRECTECH and

McKENNA attempted to transfer assets for the purpose avoiding any *Missouri* court's

jurisdiction in a then-future (now active) lawsuit brought by PLAINTIFFS.

24.  TIMPONE agreed to sell 51% of his purported 100% stake in NEWSINATOR to

McKENNA and then to, at some undetermined time, move his residual stake into SOUTHERN CB at a time convenient to all TIMPONE, SOUTHERN CB, McKENNA, DIRECTECH, and NEWSINATOR, on condition that NEWSINATOR purport to

a) Dissolve.

b) Merge and transfer assets to DIRECTECH controlled by McKENNA, SOUTHERN CB and TIMPONE;

c) Refuse to comply with Missouri's merger requirements particularly Mo. Rev. Stat. §347.135 by both failing to post the required agreement and then subsequently to refuse to accept personal service in Missouri;

d) Refuse to comply with Missouri law regarding DIRECTECH's successor liability in Missouri;

e) Grant DIRECTECH all of NEWSINATOR's benefits of Missouri law and allow DIRECTECH to claim it did not have an authorized agent in Missouri.

("PURPORTED DISSOLUTION AND MERGER"):

25. The PURPORTED DISSOLUTION AND MERGER was not a valid dissolution. It was not properly authorized and it was conducted in violation of Missouri law.

26. PLAINTIFFS filed the claims – both direct and on behalf of the DERIVATIVE SUIT COMPANY in the Circuit Court of Cook County, Illinois in May 2016 styled as 2016-CH-07155 (hereinafter: "Cook County Lawsuit"). Defendants in that lawsuit include NEWSINATOR, TIMPONE, and McKENNA (as well as others). The Cook County Lawsuit is currently pending before the trial court and the Plaintiff is still a potential judgment creditor.

27. In January 2018, without the knowledge and consent of PLAINTIFFS, and at the direction of SOUTHERN CB, DIRECTECH, McKENNA, and TIMPONE, purportedly moved NEWSINATOR's assets into DIRECTECH by merging with the purported successor to the purportedly dissolved NEWSINATOR.

28. In January of 2019, McKENNA, TIMPONE, SOUTHERN CB, NEWSINATOR, and

DIRECTECH jointly directed the "purportedly dissolved" NEWSINATOR to file a claim

against PLAINTIFFS and relied upon Illinois Statute 35 ILCS 5/13-207, when pursuant to

Missouri law, only DIRECTECH could file the claim had NEWSINATOR been dissolved. Mo.

Rev. Stat. §§347.127 et seq.

29.   On November 1, 2019, without the knowledge and consent of PLAINTIFFS - and at the

direction of SOUTHERN CB, DIRECTECH, McKENNA and TIMPONE, NEWSINATOR

and DIRECTECH sold, or otherwise transferred, NEWSINATOR's assets to SOUTHERN CB

for inadequate fair value or consideration, and in an attempt to avoid potential judgment

creditors, PLAINTIFFS.

30.   On or about April 2020 without knowledge and consent of PLAINTIFFS, TIMPONE

directed SOUTHERN CB to transfer all of NEWSINATOR's assets to TIMPONE for

inadequate fair value or consideration, and in an attempt to avoid potential judgement creditors,

PLAINTIFFS.

31.   McKENNA, TIMPONE, SOUTHERN CB, NEWSINATOR, and DIRECTECH

continued making false statements in sworn affidavits to courts of Missouri and Illinois to hide

their illegal conveyances. For example:

a)   on March 27, 2019, TIMPONE on behalf of himself and SOUTHERN CB swore in an

affidavit in the Cook County Lawsuit that he was a "member and manager of

Newsinator, LLC." However, TIMPONE swore on December 10, 2020 in a filing before

a state court of Missouri that NEWSINATOR had ceased to exist in any legal form by

2018.

b)   on December 10, 2020, TIMPONE on behalf of himself and SOUTHERN CB swore

that SOUTHERN CB was the owner of NEWSINATOR membership interests in

January 2015 filed in a state court of Missouri. However, before the same court,

NEWSINATOR rebutted this claim with documents saying that TIMPONE himself was

the owner of 100% the interests of NEWSINATOR and not SOUTHERN CB when he

conveyed some of his interests to McKENNA.

c) On December 10, 2020, McKENNA swore in a statement in a state court of Missouri that DIRECTECH (and not NEWSINATOR) was the named Defendant in the Cook County Civil Lawsuit. This is clearly false on its face. NEWSINATOR and MCKENNA's own attorney acknowledged in a filing in the Cook County Lawsuit that DIRECTECH was not a named DEFENDANT but also that DIRECTECH had not been added as a counterclaimant, but rather NEWSINATOR was.

d) As opposed to the information provided in subparagraphs (a) and (b) above, TIMPONE swore on January 8, 2021, in an affidavit filed before a state court of Missouri on behalf of himself and SOUTHERN CB that SOUTHERN CB was the member - and not TIMPONE - of NEWSINATOR.

e) McKENNA swore on his own behalf and on that of DIRECTECH filed an affidavit in the state courts of Missouri claiming that DIRECTECH did not maintain an authorized agent in Missouri even though they were required to under law for a the purported merger and consolidation of NEWSINATOR and DIRECTECH. Mo. Rev. St. §347.135.

f) In 2019, in response to court-ordered discovery in the Cook County Lawsuit, NEWSINATOR refused to produce documents of its own "organization, bylaws operating agreements…" were not in its own custody and control and therefore refused to produce them. NEWSINATOR then refused (after first agreeing) to meet and confer with counsel regarding why NEWSINATOR did not have access to its own organizational documents. In response to a motion to compel, NEWSINATOR filed briefs in the Cook County Lawsuit on March 5, 2021 and again on or about April 22, 2021) propounding again that NEWSINATOR did not have access to its own corporate documents. At date of filing, NEWSINATOR still propounds it does not have access to its own corporate documents in the Cook County Lawsuit. However, NEWSINATOR has refuted its own claim in the Cook County Lawsuit by producing some corporate

documents in filings before a state court of Missouri on December 17, 2021.

32.  NEWSINATOR, DIRECTECH, SOUTHERN CB, TIMPONE and MCKENNA all sought to fraudulently conceal the transfers detailed herein to avoid any redress for action by PLAINTIFFS against NEWSINATOR by directing and working in concert and by agreement for the above-mentioned actions.

33.  In or before June 2020, Defendants CAMERON and DUNN provided substantial and material support to NEWSINATOR, DIRECTECH, SOUTHERN CB, McKENNA and TIMPONE before having any contractual relationship with them to transfer the liquidation of NEWSINATOR assets from SOUTHERN CB to TIMPONE on June 26, 2020 and for TIMPONE's subsequent transfer of the assets for the express purposes of avoiding PLAINTIFFS potential judgment against NEWSINATOR.

34.  Upon information and belief, CAMERON and DUNN made discussion of a future payment and financial support to the Other Defendants contingent on the SOUTHERN CB's June 26, 2020 liquidation of and TIMPONE's subsequent transfer of NEWSINATOR assets.

35.  All DEFENDANTS agreed to act in concert to comply with DUNN and CAMERON's request.

36.  Subsequent to the aforementioned liquidation and transfers of NEWSINATOR assets requested by DUNN and CAMERON, DUNN and CAMERON and the other DEFENDANTS began discussing a business relationship to provide material support to the other DEFENDANTS.

37.   On or about August 21, 2020, DUNN and CAMERON concluded a separate arrangement with the other DEFENDANTS providing them material financial benefit only after first inducing and encouraging the transfer of NEWSINATOR assets to escape PLAINTIFFS' potential judgment and to hinder, delay, and defraud him from collecting on it.

38.  PLAINTIFFS have suffered significant damages in attempting to discover the location of the fraudulently conveyed assets, to recover the fraudulently conveyed assets, and unearthing the

truth among the trail of lies, deceptions, and conspiracies of DEFENDANTS to commit these

unlawful acts including but not limited to delay, time value of money, fees, attorney's fees.

39.  All of DEFENDANTS' actions described in this Complaint were done with the intent to

deceive, trick, delay, hinder, defraud, frustrate the legal rights of PLAINTIFFS knowing that they

were done wrongfully and in violation of law or legal obligations and were performed in bad

faith.

40.  DIRECTECH, SOUTHERN CB, TIMPONE, McKENNA all knew or should have known

their liability for NEWSINATOR assets based on the prevailing laws of Delaware, Missouri,

Illinois as it relates to their actions described herein this Complaint for Successor Liability, as a

merged entity, or as an unshielded member of an entity with a pierced corporate veil, *infra*.

41.  At each step along the NEWSINATOR's assets path, the remaining entity has been left

intentionally insolvent relative to the potential debt outstanding to PLAINTIFFS.

**COUNT I**
**NEWSINATOR-VIOLATION OF MISSOURI**
**FRAUDULENT TRANSFER ACT (UFTA Sec. 428.005-428) AND COMMON LAW**
**FRAUDULENT CONVEYANCE**

42.  The Plaintiff reasserts and alleges the statements contained in all prior paragraphs.

43.  Beginning in January 2015 thru current, NEWSINATOR, and its members, managers, and

owners began to execute a plan to knowingly, and fraudulently convey the NEWSINATOR

assets to DIRECTECH, SOUTHERN CB, TIMPONE and McKENNA with the intent to

hinder, delay, or defraud PLAINTIFFS as potential judgment creditors in the Cook County

Lawsuit.

44.  NEWSINATOR, its members, managers and owners knowingly, and intentionally accepted

and received inadequate consideration from DIRECTECH, SOUTHERN CB, TIMPONE, and

McKENNA for the conveyance of its assets with the intent to hinder, delay, or defraud

PLAINTIFFS as potential judgment creditors in the Cook County Lawsuit.

45.  NEWSINATOR, its members, managers, and owners knowingly, and intentionally

purported to dissolve itself as a Missouri LLC, while still maintaining actions as a Missouri LLC, and subsequently transferred its assets to DIRECTECH (and then to the benefit of McKENNA), SOUTHERN CB and TIMPONE in anticipation of PLAINTIFFS becoming judgment creditors in the Cook County Lawsuit.

46.   As a result of the conveyances of NEWSINATOR assets from NEWSINATOR to DIRECTECH to SOUTHERN CB to TIMPONE, NEWSINATOR is insolvent and purports to no longer exist.

47.   NEWSINATOR, its members, managers and owners knowingly and intentionally fraudulently conveyed its assets in an attempt to hinder, delay or defraud PLAINTIFFS as potential judgment creditors in violation of the Missouri Fraudulent Transfer Act (UFTA Sec.428.005-428) and common law fraudulent conveyance.

48.   PLAINTIFFS are entitled to Punitive Damages as a result of the intentional, fraudulent and unlawful acts of NEWSINATOR, its members, managers and owners.

49.   As a result of NEWSINATOR's fraudulent and unlawful attempts to avoid the PLAINTIFFS as potential judgment creditors the entirety of its assets, or an amount equal to Five Million Dollars ($5,000,000.00) should be placed in a constructive trust for the benefit of the parties immediately and without delay.

50.   As a result of this fraudulent transfer PLAINTIFFS have sustained significant harm and damages and have incurred attorney's fees.

**WHEREFORE**, the Plaintiffs CNML and WEINHAUS request that this Honorable Court enter a judgment against Defendant NEWSINATOR LLC., its members, managers and owners for:

    a)   placing assets of the Defendant in a constructive trust for the benefit of the parties immediately and without delay;

    b)   damages in the amount of Five Million Dollars ($5,000,000.00);

    c)   punitive damages;

d)  attorney fees;

e)  and all other equitable and legal remedies that are fair, equitable and just.

## COUNT II
## DIRECTECH-VIOLATION OF MISSOURI FRAUDULENT
## TRANSFER ACT (UFTA) sec. 428.005-428  AND COMMON LAW FRAUDULENT
## CONVEYANCE

51.  The Plaintiff reasserts and alleges the statements contained in all prior paragraphs.

52.  On January 1, 2018, DIRECTECH was directed by its members, managers and owners to merge with the purported remnant of the purportedly dissolved NEWSINATOR and acquired NEWSINATOR's assets in an attempt to hinder, delay and defraud PLAINTIFFS as potential judgment creditors of NEWSINATOR in the Cook County Lawsuit.

53.  DIRECTECH its members, managers and owners acquired the assets of NEWSINATOR for inadequate consideration in an attempt to hinder, delay and defraud PLAINTIFFS as potential judgment creditors of NEWSINATOR in the Cook County Lawsuit.

54.  DIRECTECH, its members, managers and owners knowingly acquired the assets of NEWSINATOR in anticipation of PLAINTIFFS becoming potential judgment creditors of NEWSINATOR in the Cook County Lawsuit.

55.  DIRECTECH and NEWSINATOR and their members, managers and owners transferred and conveyed NEWSINATOR's entire assets to SOUTHERN CB in the November 1, 2019 Transaction in an attempt to hinder, delay and defraud PLAINTIFFS as potential judgment creditors of NEWSINATOR in the Cook County Lawsuit.

56.  The November 1, 2019 Transaction was for inadequate consideration.

57.  The November 1, 2019 Transaction was in anticipation of PLAINTIFFS becoming a potential judgment creditor of NEWSINATOR in the Cook County Lawsuit.

58.  DIRECTECH, its members, managers and owners knowingly and intentionally acquired NEWSINATOR's assets and subsequently sold its assets to SOUTHERN CB in an attempt to hinder, delay and defraud PLAINTIFFS as potential judgment creditors of NEWSINATOR in

the Cook County Lawsuit in violation of the Missouri Fraudulent

Transfer Act (UFTA) 428.005-428 and common law fraudulent conveyance.

59.  As a result of DIRECTECH's fraudulent and unlawful attempts to avoid the PLAINTIFFS

as potential judgment creditors in the Cook County Lawsuit, DIRECTECH's assets, or an

amount equal to Five Million Dollars ($5,000,000.00) should be placed in constructive trust for

the benefit of the parties immediately and without delay.

60.  PLAINTIFFS are entitled to Punitive Damages as a result of the defendants fraudulent and

intentional conduct.

61.  As a result of this fraudulent transfer the PLAINTIFFS have incurred significant damages

and have incurred attorney's fees.

**WHEREFORE**, the Plaintiffs CNML and WEINHAUS request that this Honorable Court

enter a judgment against Defendant DIRECTECH LLC., its members, managers and owners

for:

    a) placing assets of the Defendant in a constructive trust for the benefit of the parties

       immediately and without delay;

    b) damages;

    c) punitive damages;

    d) attorney's fees;

    e) and all other equitable and legal remedies that are fair, equitable and just.

### COUNT III
### SOUTHERN CB-VIOLATION OF MISSOURI FRAUDULENT TRANSFER ACT (UFTA) 428.005-428 AND COMMON LAW FRAUDULENT CONVEYANCE

62.  The Plaintiff reasserts and alleges the statements contained in all prior paragraphs.

63.  On November 1, 2019, SOUTHERN CB acquired NEWSINATOR's entire assets in an

attempt to hinder, delay and defraud PLAINTIFFS as potential judgment creditors of

NEWSINATOR in the Cook County Lawsuit.

64.  SOUTHERN CB's  November 1, 2019 acquisition of NEWSINATOR's assets was for inadequate consideration.

65.  The November 1, 2019 Transaction was in anticipation of PLAINTIFFS becoming potential judgment creditors against NEWSINATOR in the Cook County Lawsuit.

66.  SOUTHERN CB's acceptance of NEWSINATOR's assets is a knowingly and intentionally fraudulent conveyance in an attempt to hinder, delay and defraud PLAINTIFFS as potential judgment creditors of NEWSINATOR in the Cook County Lawsuit in violation of the Missouri Fraudulent Transfer Act (UFTA) 428.005-428 and common law fraudulent conveyance.

67.  SOUTHERN CB has subsequently transferred ownership of the NEWSINATOR assets to a third party for inadequate consideration in an attempt to hinder, delay and defraud PLAINTIFFS as potential judgment creditors of NEWSINATOR in the Cook County Lawsuit which SOUTHERN CB anticipated.

68.  As a result of SOUTHERN CB's unlawful acquisition of NEWSINATOR's assets, PLAINTIFFS request that SOUTHERN CB's assets, or an amount equal to Five Million Dollars ($5,000,000.00) be placed in a constructive trust for the benefits of the parties immediately and without delay.

69.  PLAINTIFFS are entitled to Punitive Damages as a result of the defendant's fraudulent and intentional conduct.

70.  As a result of this fraudulent transfer PLAINTIFFS have sustained significant damages and incurred attorney's fees.


**WHEREFORE**, the Plaintiffs CNML and WEINHAUS request that this Honorable Court enter a judgment against Defendant SOUTHERN CB, its members, managers and owners for:

a)  placing assets of the Defendant in a constructive trust for the benefit of the parties immediately and without delay;

b)  damages;

13

c)  punitive damages;

d)  attorney's fees;

e)  and all other equitable and legal remedies that are fair, equitable and just.

## COUNT IV
## TIMPONE-VIOLATION OF MISSOURI FRAUDULENT TRANSFER ACT (UFTA) 428.005-428 AND COMMON LAW FRAUDULENT CONVEYANCE

71.  The Plaintiff reasserts and alleges the statements contained in all prior paragraphs.

72.  In June of 2020, SOUTHERN CB purported to disband and liquidate its assets.

73.  SOUTHERN CB thus transferred its assets to its sole owner TIMPONE.

74.  The purpose of this liquidation was done in an attempt to hinder, delay and defraud PLAINTIFFS as potential judgment creditors of NEWSINATOR in the Cook County Lawsuit.

75.  TIMPONE's acquisition of NEWSINATOR's assets was for inadequate consideration.

76.  The dissolution was performed in anticipation of PLAINTIFFS becoming potential judgment creditors against NEWSINATOR in the Cook County Lawsuit.

77.  TIMPONE has subsequently transferred ownership of the NEWSINATOR assets to a third party for inadequate consideration in an attempt to hinder, delay and defraud PLAINTIFFS as potential judgment creditors of NEWSINATOR in the Cook County Lawsuit which TIMPONE anticipated.

78.  TIMPONE's acceptance of SOUTHERN CB's knowingly and intentionally fraudulent conveyance is an attempt to hinder, delay and defraud PLAINTIFFS as potential judgment creditors of NEWSINATOR in the Cook County Lawsuit in violation of the Missouri Fraudulent Transfer Act (UFTA) 428.005-428 and common law fraudulent conveyance.

79.  As a result of TIMPONE's unlawful acquisition of NEWSINATOR's assets, PLAINTIFFS request that TIMPONE's assets, or an amount equal to Five Million Dollars ($5,000,000.00) be placed in a constructive trust for the benefits of the parties immediately and without delay.

80.  PLAINTIFFS are entitled to Punitive Damages as a result of the defendant's fraudulent and

intentional conduct.

81.  As a result of this fraudulent transfer PLAINTIFFS have sustained significant damages and incurred attorney's fees.

**WHEREFORE**, the Plaintiffs CNML and WEINHAUS request that this Honorable Court enter a judgment against Defendant SOUTHERN CB, its members, managers and owners for:

    f)   placing assets of the Defendant in a constructive trust for the benefit of the parties immediately and without delay;

    g)   damages;

    h)   punitive damages;

    i)   attorney's fees;

    j)   and all other equitable and legal remedies that are fair, equitable and just.

**COUNT V**
**TIMPONE and McKENNA - AIDING AND ABETTING A VIOLATION OF THE MISSOURI FRAUDULENT TRANSFER ACT AND COMMON LAW FRAUDULENT CONVEYANCE**

82.  The Plaintiff reasserts and alleges the statements contained in all prior paragraphs.

83.  As the managers and owners of NEWSINATOR, DIRECTECH, and SOUTHERN CB (TIMPONE only), TIMPONE and McKENNA knowingly and intentionally authorized and directed, aided and abetted the sale, transfer and conveyance of NEWSINATOR assets for the purposes of hindering, delaying and defrauding PLAINTIFFS as potential judgment creditors against NEWSINATOR in the Cook County Lawsuit.

84.  TIMPONE and McKENNA knowingly and intentionally aided and abetted NEWSINATOR, DIRECTECH and SOUTHERN CB in the furtherance of the violation of the Missouri Fraudulent Transfer Act (UFTA) 428.005-428 and common law fraudulent conveyance.

85.  TIMPONE provided material and substantial assistance towards these unlawful acts.

86.  McKENNA provided material and substantial assistance towards these unlawful acts.

87.  As a result of TIMPONE's and McKENNA's intentional and unlawful conduct the Plaintiff

is entitled to Punitive Damages.

88.   As a result of this fraudulent transfer PLAINTIFFS have sustained significant Damages and incurred attorney's fees.

**WHEREFORE**, the Plaintiffs CNML and WEINHAUS request that this Honorable Court enter a judgment against Defendants TIMPONE and McKENNA:

    a)   damages in the amount of Five Million Dollars ($5,000,000.00);

    b)   punitive damages;

    c)   attorney's fees;

    d)   and all other equitable and legal remedies that are fair, equitable and just.

**COUNT VI**
**DUNN and CAMERON - AIDING AND ABETTING A VIOLATION OF THE MISSOURI FRAUDULENT TRANSFER ACT AND COMMON LAW FRAUDULENT CONVEYANCE**

89.   The Plaintiff reasserts and alleges the statements contained in all prior paragraphs.

90.   In making the fraudulent conveyance of assets a condition of discussion of and future agreement for support to the other DEFENDANTS, CAMERON and DUNN aided and abetted by knowingly and intentionally authorized and directed providing financial incentive for and further material support of transfer and conveyance of NEWSINATOR assets for the purposes of hindering, delaying and defrauding PLAINTIFFS as potential judgment creditors against NEWSINATOR in the Cook County Lawsuit.

91.   CAMERION knowingly and intentionally aided and abetted NEWSINATOR, TIMPONE, and SOUTHERN CB in the furtherance of the violation of the Missouri Fraudulent Transfer Act (UFTA) 428.005-428 and common law fraudulent conveyance.

92.   CAMERON provided material and substantial assistance towards these unlawful acts.

93.   DUNN provided material and substantial assistance towards these unlawful acts.

94.   As a result of CAMERON's and DUNN's intentional and unlawful conduct the Plaintiff is entitled to Punitive Damages.

95.  As a result of this fraudulent transfer PLAINTIFFS have sustained significant Damages and incurred attorney's fees.

**WHEREFORE**, the Plaintiffs CNML and WEINHAUS request that this Honorable Court enter a judgment against Defendants CAMERON and DUNN :

e)   damages in the amount of Five Million Dollars ($5,000,000.00);

f)   punitive damages;

g)   attorney's fees;

h)   and all other equitable and legal remedies that are fair, equitable and just.

## COUNT VII
## NEWSINATOR, SOUTHERN CB, and DIRECTECH - PIERCING THE CORPORATE VEIL

96.  The Plaintiff reasserts and alleges the statements contained in all prior paragraphs.

97.  TIMPONE was the sole member and manager of SOUTHERN CB and had complete domination of finances and of policy and business practice in respect to all transactions performed on its behalf. SOUTHERN CB had no separate mind, will or existence of its own.

98.  TIMPONE used SOUTHERN CB as a shield to his own liability as anything relates to his control of NEWSINATOR which is a DEFENDANT in multiple lawsuits, only one of which is the Cook County Lawsuit.

99.  TIMPONE disregarded the formalities of the corporate form of SOUTHERN CB by his own actions.

100. TIMPONE was the sole member and manager of NEWSINATOR (prior to purportedly selling 51% of his interest to McKENNA). TIMPONE had complete domination of finances and of policy and business practice in respect to all transactions performed on its behalf. NEWSINATOR had no separate mind, will or existence of its own.

101. TIMPONE used NEWSINATOR as a shield to his own liability as anything relates to his control of NEWSINATOR which is a DEFENDANT in multiple lawsuits, only one of which is

the Cook County Lawsuit.

102. McKENNA, himself for some period of time, and for some other period of time in concert with TIMPONE and through TIMPONE's control of SOUTHERN CB, had complete domination of finances and of policy and business practice in respect to all transactions performed on DIRECTECH's behalf. DIRETECH had no separate mind, will or existence of its own when McKENNA was in sole control.

103. McKENNA and TIMPONE himself and through his control of SOUTHERN CB jointly controlled DIRECTECH for some time in which they had complete domination of finances and of policy and business practice in respect to all transactions performed on DIRECTECH's behalf. DIRETECH had no separate mind, will or existence of its own.

104. McKENNA and TIMPONE himself and through his control of SOUTHERN CB acted illegally by continuing to have DIRECTECH act in the name of "Newsinator" after 1) having purportedly dissolved NEWSINATOR and having relinquished the corporate name "Newsinator". Such actions were done to wrongfully conduct business and to harm PLAINTIFF through acts of deception.

105. McKENNA, when individually responsible for DIRECTECH has continued the actions of the prior paragraph.

106. TIMPONE himself and through his control of SOUTHERN CB and McKENNA used DIRECTECH as a shield to their own liability as anything relates to NEWSINATOR which is a DEFENDANT in multiple lawsuits, only one of which is the Cook County Lawsuit.

107. McKENNA and TIMPONE himself and through his control of SOUTHERN CB jointly disregarded the corporate formalities of DIRECTECH by their own actions. McKENNA individually disregarded the corporate formalities of DIRECTECH by his own actions.

108. TIMPONE and McKENNA used their respective controls of DIRECTECH, NEWSINATOR, and SOUTHERN CB to commit fraud and violate legal duties that both include and are separate from the fraudulent conveyances described herein.

109. For example, TIMPONE himself and through his control of SOUTHERN CB had a positive legal duty to only make true statements under oath in sworn Affidavits, however, he made false statements. Making false statements in sworn affidavits is a violation of legal duties and is a dishonest and unjust act in contravention of PLAINTIFFS' legal rights. He did so to avoid NEWSINATOR's compliance with requirements under statutory requirements in Missouri and Illinois. These actions consist of their own wrongful acts in violation of law.

110. For example, McKENNA further has made false sworn statements and personally acted to contravene Missouri law by failing to acknowledge DIRECTECH's legal obligations pursuant to Mo. Rev. St. §347.135 which were intended to further his efforts to shield NEWSINATOR assets in separate litigation to the Cook County Lawsuit. These actions consist of their own wrongful acts in violation of law.

111. For example, McKENNA and TIMPONE himself and through his control of SOUTHERN CB jointly attempted to operate DIRECTECH under the name "Internet Content Services" without noticing a fictitious name license with any state for that name. This is a wrongful act showing McKENNA and TIMPONE himself and through his control of SOUTHERN CB acting in partnership but then seeking DIRECTECH's corporate formalities of protection for the entity "Internet Content Services" (a named Defendant) in the Cook County Lawsuit. Their wrongful conduct of business as a partnership and then seeking corporate protections to escape general partnership liability has caused expense to PLAINTIFFS.

112. TIMPONE's wrongful acts on behalf of himself, SOUTHERN CB, and NEWSINATOR as the sole controlling person directly caused prior-alleged injury to PLAINTIFFS.

113. McKENNA's wrongful acts when he was the sole controlling person of DIRECTECH directly caused prior-alleged injury to PLAINTIFFS.

114. McKENNA's and TIMPONE's own and his acts through control of SOUTHERN CB committed wrongful acts when they were the joint controllers of DIRECTECH and directly caused prior-alleged injury to PLAINTIFFS.

115. PLAINTIFFS request as equitable remedy that the corporate veil for NEWSINATOR, DIRECTECH, and SOUTHERN CB be pierced and TIMPONE and McKENNA be held personally liable for the actions plead herein.

**WHEREFORE**, the Plaintiffs CNML and WEINHAUS request that this Honorable Court enter a judgment against Defendants TIMPONE, SOUTHERN CB, McKENNA, NEWSINATOR, and DIRECTECH for:

a) A piercing of the corporate veil of NEWSINATOR, SOUTHERN CB, and DIRECTECH;

b) To hold TIMPONE and McKENNA personally liable for the debts those entities;

c) All Damages allowable by law including attorney's fees;

d) and all other equitable and legal remedies that are fair, equitable and just.

### Jury Demand

Pursuant to Federal Rule of Civil Procedure 38(b), PLAINTIFFS demand a trial by jury.

Dated: December 31, 2021                     Respectfully submitted,

                             /s/Edward "Coach" Weinhaus
                            Edward "Coach" Weinhaus, MO Atty Reg. No. 72-255
                            LegalSolved LLC
                            10859 Piccadilly Sq. Dr Creve Coeur, MO. 63146
                            314 580 9580    | eaweinhaus@gmail.com
                            *Attorneys for Plaintiffs*