**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| CONTROL NEW MLSS LLC )<br>and EDWARD WEINHAUS )<br>)<br>Plaintiffs )<br>v. )<br>)<br>BRIAN TIMPONE, )<br>SOUTHERN CB, LLC, )<br>NEWSINATOR LLC, )<br>DIRECTECH, LLC, )<br>ANDREW McKENNA, )<br>TIMOTHY DUNN,  and )<br>BRAD CAMERON, )<br>)<br>Defendants. ) | Case No. 4:21-cv-01522-CDP<br><br>Hon. Catherine D. Perry |

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS
BY DIRECTECH, LLC f/k/a NEWSINATOR LLC AND ANDREW
McKENNA**

In 2016, Plaintiffs Control New MLSS LLC and Edward Weinhaus, filed an

action in the Circuit Court of Cook County, Illinois against numerous defendants

including Brian Timpone, Newsinator LLC, and Andrew McKenna.  Some of the

Counts of that complaint were brought derivatively on behalf of Locality Labs, LLC;

other counts were brought directly by Control New MLSS LLC and Edward

Weinhaus.  While that case is pending, the same Plaintiffs have filed ancillary suits

related to the 2016 suit against some of the same defendants as well as some of their

attorneys.  This is the third such suit.  Like the other suits, Plaintiffs' complaint here

is heavy on legal conclusions and personal calumny but lacking in allegations of relevant facts.  In this case, Plaintiffs attempt to allege a fraudulent conveyance designed to impede their collection of a judgment they have not obtained nor shown they are likely to obtain.

DirecTech, LLC, is a Delaware limited liability company that was previously named Newsinator LLC and was converted from a Missouri limited liability company to a Delaware limited liability company in 2015 pursuant to Delaware law. See See Exhibit A ¶4.  DirecTech and McKenna have moved to dismiss Plaintiffs' Amended Complaint against them for lack of personal jurisdiction, for Plaintiffs' lack of standing, and for Plaintiffs' failure to state a claim upon which relief can be granted.

## I. The Court Does Not Have Personal Jurisdiction Over DirecTech, LLC f/k/a Newsinator LLC.

Once a defendant challenges personal jurisdiction, the plaintiff has the burden of proving factually that the Court can exercise personal jurisdiction over the defendant. *Fastpath, Inc. v. Arbela Technologies Corp.,* 760 F.3d 816, 820 (8th Cir. 2014). Plaintiffs cannot do so with respect to DirecTech (or with respect to "Newsinator LLC" which, as explained below, has no existence apart from DirecTech). Nor can Plaintiffs do so with respect to Andrew McKenna.

2

## A. DirecTech and McKenna are Not Subject to General Jurisdiction in Missouri.

"A court has 'general jurisdiction' over an out-of-state defendant if the defendant's connections with the state are systematic, continuous and substantial enough to furnish personal jurisdiction over the defendant based on any cause of action—even one that is unrelated to the defendant's contacts with the forum." *Bryant v. Smith Interior Design Group*, 310 S.W.3d 227, 232 (Mo. 2010). The Amended Complaint does not contain facts showing systematic, continuous and substantial connections between DirecTech and the State of Missouri.

DirecTech, LLC is a limited liability company existing under the laws of Delaware. (See Declaration of Declaration of Andrew J. McKenna, Jr., attached hereto and incorporated herein as Exhibit A Dec. ¶4(b)). Its principal place of business previously was in Chicago, Illinois and since 2018 has been in Newton, Iowa. (See Exhibit A ¶¶4(f) and (i)). It has no bank accounts, offices, real estate, or employees in Missouri. (See Exhibit A ¶7). None of the members of DirecTech are citizens of Missouri. (See Amended Cplt. ¶3). McKenna is a resident and citizen of Wisconsin and has no real estate or bank accounts in Missouri. (See Exhibit A ¶¶1-2).

The Amended Complaint refers to Newsinator LLC as a limited liability company "formed under the laws of Missouri." (See Amended Cplt. ¶11). Although initially organized in Missouri, in January 2015 it was converted to a Delaware

3

limited liability company pursuant to Delaware law, 6 Del.C. § 18-214, retaining the name Newsinator LLC. (See Exhibit A ¶4(b) and Certificate of Conversion attached hereto and referred to herein as Exhibit B.) At the same time, its registration as a Missouri limited liability company was terminated. (See Exhibit A ¶4(c) and Certificate of Termination attached hereto and referred to herein as Exhibit C). Accordingly, Newsinator LLC was no longer domiciled in Missouri. In January 2015, its principal place of business was in Chicago, Illinois. (See Exhibit A ¶4(f)). The conversion of the Missouri LLC to a Delaware LLC did not require the dissolution of the entity. 6 Del.C. § 18-214(g).[1]

In 2016, a limited liability company named DirecTech, LLC was organized in Iowa. (See Exhibit A ¶4(g)). In January 2018, the individual members of that entity, pursuant to 28 U.S.C. §351, exchanged their membership interests for membership interests in Newsinator, resulting in Newsinator becoming the sole member of the limited liability company. (See Exhibit A ¶4(h)). Newsinator LLC then changed its name to DirecTech, LLC (See Exhibit A ¶4(i)). DirecTech LLC registered in Iowa as a Delaware company and adopted Newton, Iowa as its principal place of business. (See Exhibit A ¶4(i)). The result of these corporate transactions is that there is no

---

[1] The Delaware conversion statute provides that any claims that arose against Newsinator prior to its conversion to a Delaware limited liability can be brought against the converted Delaware entity. 6 Del.C. § 18-214(e) and (f).

extant company named Newsinator LLC.[2]  That a predecessor of DirecTech was once organized in Missouri does not make DirecTech a domicilary of Missouri, any more than a person who lived and voted in Missouri would remain a citizen of Missouri once she cancels her voter registration, moves to Delaware, and registers to vote in Delaware.

Thus, this Court does not have jurisdiction over DirecTech under principles of general jurisdiction.  Likewise, there is no general jurisdiction over "Newsinator LLC" which has no existence apart from DirecTech.

Similarly, Andrew McKenna is a resident and citizen of Wisconsin who has no real estate or bank accounts in Missouri and Plaintiffs allege no facts that would suggest that he is subject to general jurisdiction in Missouri.

## B.    DirecTech and McKenna are Not Subject to Specific Jurisdiction in Missouri.

"Only if the instant suit arises out of [the defendant's] contacts with Missouri does Missouri have specific jurisdiction."  *State ex rel. PPG Industries, Inc. v. McShane*, 560 S.W.3d 888, 893 (Mo. 2018)(*en banc)*.  This means that specific personal jurisdiction requires "a connection between the forum and the specific claim at issue."  *Id.* at 893. Plaintiffs have the burden of showing the necessary

---

[2] The Court can take judicial notice of public records and other documents reasonably embraced by the complaint without converting the motion to dismiss into a motion for summary judgment.  *Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007); *Powers v. City of Ferguson*, 229 F.Supp.3d 894, 899 (E.D. Mo. 2017).

connection. *Ge z v. TM Salinas, Inc.*, 412 S.W.3d 441, 447 (Mo. Ct. App. 2013). Plaintiffs' amended complaint does not show such contacts or connection.

This case purports to be brought under the Missouri Fraudulent Transfer Act, UFTA 428.005-428, and "Missouri Common Law Fraudulent Conveyance". Although the complaint alleges several instances in which the ownership of Newsinator (before it became known as DirecTech) changed (See Amended Cplt. ¶¶15, 24), those transactions are not conveyances of the assets of the company. Likewise, a conversion of a limited liability company from Missouri to Delaware or a combination of limited liability companies (See Amended Cplt. ¶27) is not a conveyance of assets—in either situation the assets remain with the company.

The only actual conveyance of assets is alleged in paragraphs 29 and 30 of the Amended Complaint where Plaintiffs allege that in November 2019 DirecTech sold or transferred assets to Southern CB which then transferred the assets to Brian Timpone.

In *Bryant* the Court held that Missouri employs a two-step process to determine whether specific personal jurisdiction over a defendant exists:

> Missouri courts employ a two-step analysis to evaluate personal jurisdiction. First, the court inquires whether the defendant's conduct satisfies Missouri's long-arm statute, section 506.500. If so, the court next evaluates whether the defendant has sufficient minimum contacts with Missouri such that asserting personal jurisdiction over the defendant comports with due process.

The Missouri Long-Arm Statute, Mo.Stat. 506.500, provides:

> 1. Any person or firm, whether or not a citizen or resident of this state, or any corporation, who in person or through an agent does any of the acts enumerated in this section, thereby submits such person, firm, or corporation, and, if an individual, his personal representative, to the jurisdiction of the courts of this state as to any cause of action arising from the doing of any of such acts:
>
>> (1) The transaction of any business within this state;
>>
>> (2) The making of any contract within this state;
>>
>> (3) The commission of a tortious act within this state;
>>
>> (4) The ownership, use, or possession of any real estate situated in this state;
>>
>> (5) The contracting to insure any person, property or risk located within this state at the time of contracting;
>>
>> (6) Engaging in an act of sexual intercourse within this state with the mother of a child on or near the probable period of conception of that child.
>
> 2. Any person, whether or not a citizen or resident of this state, who has lived in lawful marriage within this state, submits himself to the jurisdiction of the courts of this state as to all civil actions for dissolution of marriage or for legal separation and all obligations arising for maintenance of a spouse, support of any child of the marriage, attorney's fees, suit money, or disposition of marital property, if the other party to the lawful marriage lives in this state or if a third party has provided support to the spouse or to the children of the marriage and is a resident of this state.
>
> 3. Only causes of action arising from acts enumerated in this section may be asserted against a defendant in an action in which jurisdiction over him is based upon this section.

Although the Amended Complaint contains a conclusory allegation that

DirecTech "took one or more unlawful acts in the State of Missouri in St. Louis

County" (See Amended Cplt. ¶4), Plaintiffs do not allege facts showing any such

7

acts. Plaintiffs must establish personal jurisdiction based on facts and a pleading that simply parrots legal elements is insufficient. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," and the court is "not bound to accept as true a legal conclusion couched as a factual allegation."). *See also State ex rel. Scott v. Marsh*, 661 S.W.2d 601, 603 (Mo. Ct. App. 1983); *Mello v. Giliberto*, 73 S.W.3d 669, 674 (Mo. Ct. App. 2002). Moreover, personal jurisdiction, once challenged, must be shown by evidence, not pleading allegations. *Fastpath, supra.*

The allegations in the Amended Complaint simply do not show that Plaintiffs' claims of fraudulent conveyance arise from contacts by DirecTech with the State of Missouri. Plaintiffs' last resort is to allege that the defendants' alleged acts had their "effect against the Plaintiffs in St. Louis County, Missouri." (See Amended Cplt. ¶4). However, allegations that out-of-state acts or transactions had an effect on persons who are residents of Missouri is insufficient to confer jurisdiction over the out-of-state defendants. *Johnson v. Arden*, 614 F.3d 785, 796-97 (8th Cir. 2010); *Thomas v. Chesapeake Energy Corp.,* 2007 WL 9805604 *3 (E.D. Mo.).

## II. Plaintiffs Lack Standing to Assert Fraudulent Conveyance Claims Against DirecTech, LLC f/k/a Newsinator, LLC, and Andrew McKenna.

The only conveyance of assets alleged in the Amended Complaint is found in paragraphs 29 and 30 where Plaintiffs allege that DirecTech transferred

8

"Newsinator's assets" to Southern CB which in turn transferred the assets to defendant Brian Timpone.  In each paragraph, Plaintiffs allege that the transfers of assets were "for inadequate value, and in an attempt to avoid potential judgment creditors, PLAINTIFFS."

Plaintiffs, however, fail to allege facts that would show they are "potential judgment creditors of DirecTech f/k/a Newsinator, or Andrew McKenna.

Plaintiffs' complaint admits that in order to prosecute a claim for fraudulent conveyance they must be creditors or at least potential judgment creditors of DirecTech (f/k/a Newsinator) and McKenna.  To satisfy this requirement, they allege that they are potential judgment creditors "in the Cook County Lawsuit" (See Amended Cplt. ¶¶43, 55).  The Cook County Lawsuit is identified as 2016-CH-07153.  A copy of the operative complaint is attached as Exhibit D.[3]

The second amended complaint in the Cook County Lawsuit includes twelve counts.  Of these, five counts are brought derivatively on behalf of Locality Labs, LLC; seven counts are brought directly by Control New MLSS LLC ("Control") and/or Edward Weinhaus.  But none of the counts brought directly by Control and/or Weinhaus (Counts II, IV, VI, XIII, IX, X and XI) are brought against DirecTech (or

---

[3] The Court may also take judicial notice of this complaint to identify what claims are asserted, not for the truth of the allegations.  *See Levy v. Ohl, supra.*

Newsinator) or against McKenna.  Accordingly, Plaintiffs in the present action are not potential judgment creditors of DirecTech (or Newsinator) or McKenna.

Newsinator[4] is named in Counts V and XII of the Cook County Lawsuit which are brought derivatively by Control on behalf of Locality Labs and Andrew McKenna is named in Counts I and V of the Cook County Lawsuit which are brought derivately by Control on behalf of Locality Labs. The present complaint is not brought derivatively by Control.  The derivative claims in the Cook County Lawsuit do not make Plaintiffs in this case potential judgment creditors of DirecTech (or Newsinator) or McKenna.

## III.    Plaintiffs' Amended Complaint Fails to State a Claim Because It Fails to Plead Facts Showing a Fraudulent Conveyance.

Plaintiffs are required to plead claims of fraud with particularity. Fed.R.Civ.Proc. 9(b).  This applies to claims of fraudulent conveyance. *Stoebner v. Opportunity Finance, LLC,* 909 F.3d 219, 226 n.6 (8th Cir. 2018); *Residential Funding Co., LLC v. Bell State Bank & Trust,* 637 Fed. Appx. 970, 971 (8th Cir. 2016).

Plaintiffs' Amended Complaint does not allege any of the elements of a claim of fraudulent conveyance with particularity.  First, Plaintiffs simply describe the assets transferred as "Newsinator's assets".  (See Amended Cplt. ¶¶29, 30).  This is

---

[4] The Amended Complaint in the Cook County Lawsuit was filed before Newsinator changed its name to DirecTech.

hardly a statement made with particularity.  Second, Plaintiffs allege these vaguely described assets were sold for "inadequate fair value or consideration".  *Id.*  Plaintiffs do not allege facts as to what consideration was paid or why it was inadequate.  The allegation not only fails the test of particularity, it is simply a legal conclusion that without factual support does not plead an element required to state a plausible claim for relief.  See *Stoebner, supra, citing Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," and the court is "not bound to accept as true a legal conclusion couched as a factual allegation.")

Finally, Plaintiffs allege that the sale of "Newsinator's assets" was done "in an attempt to avoid judgment creditors, PLAINTIFFS."  (See Amended Cplt. ¶¶29, 30)  This is yet another legal conclusion unsupported by factual allegations and, as shown above, these Plaintiffs are not potential judgment creditors of DirecTech (or Newsinator) or McKenna in the Cook County Litigation, so the sale of any DirecTech assets cannot be inferred to have been intended to avoid a judgment against it.  Accordingly, the Amended Complaint does not state a plausible claim for relief against DirecTech or McKenna.  *Iqbal, supra.*

Respectfully submitted,

**LITCHFIELD CAVO LLP**

11

By: /s/ *Kevin P. Clark*

One of the Attorneys for Defendants
Andrew McKenna and DirecTech, LLC
f/k/a Newsinator LLC

Kevin P. Clark, #53811
**LITCHFIELD CAVO LLP**
222 S. Central Avenue, Suite 110
St. Louis, MO 63105
(314) 396-8601 (Direct)
(314) 725-1227 (Phone)
(314) 725-3006 (Fax)
clark@litchfieldcavo.com

Alan I. Becker
Illinois ARDC #0147524
(Pro hac vice pending)
**LITCHFIELD CAVO LLP**
303 W. Madison Street, Suite 300
Chicago, Illinois  60606
(312) 781-6622 (Phone)
(312) 781-6630 (Facsimile)
Becker@LitchfieldCavo.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 4th, 2022, I filed the Motion to Dismiss by

**Defendants Andrew McKenna and DirecTech, LLC f/k/a Newsinator LLC** *via*

the Eastern District of Missouri CM/ECF.  Notice of this filing will be sent to all

counsel of record by operation of the Court's electronic CM/ECF system.


/s/ Angie D. Shannon