IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CONTROL NEW MLSS LLC<br>and EDWARD WEINHAUS,<br><br>    Plaintiffs<br>v.<br><br>BRIAN TIMPONE,<br>SOUTHERN CB, LLC,<br>NEWSINATOR LLC,<br>DIRECTECH, LLC,<br>ANDREW McKENNA,<br>TIMOTHY DUNN,  and<br>BRAD CAMERON,<br><br>    Defendants. | Case No. 4:21-cv-01522-CDP<br><br>Hon. Catherine D. Perry |

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS
BY BRIAN TIMPONE**

In 2016, Plaintiffs Control New MLSS LLC and Edward Weinhaus, filed an action in the Circuit Court of Cook County, Illinois against numerous defendants including Brian Timpone, Newsinator LLC, and Andrew McKenna.  Some of the Counts of that Complaint were brought derivatively on behalf of Locality Labs, LLC; other counts were brought directly by Control New MLSS LLC and Edward Weinhaus.  While that case is pending, the same Plaintiffs have filed ancillary suits related to the 2016 suit against some of the same defendants as well as some of their attorneys.  This is the third such suit.  Like the other suits, Plaintiffs' Complaint here is heavy on legal conclusions and personal calumny but lacking in allegations of relevant facts.  In this case, Plaintiffs attempt to allege a fraudulent conveyance designed to impede their collection of a judgment they have not obtained nor shown they are likely to obtain.

1

I.     **The Court Does Not Have Personal Jurisdiction Over Timpone**

Once a defendant challenges personal jurisdiction, the plaintiff has the burden of proving factually that the Court can exercise personal jurisdiction over the defendant. *Fastpath, Inc. v. Arbela Technologies Corp.,* 760 F.3d 816, 820 (8th Cir. 2014). Plaintiffs cannot do so with respect to Brian Timpone.

    A.     **Timpone is Not Subject to General Jurisdiction in Missouri.**

"A court has 'general jurisdiction' over an out-of-state defendant if the defendant's connections with the state are systematic, continuous and substantial enough to furnish personal jurisdiction over the defendant based on any cause of action—even one that is unrelated to the defendant's contacts with the forum." *Bryant v. Smith Interior Design Group*, 310 S.W.3d 227, 232 (Mo. 2010). The Amended Complaint does not contain facts showing systematic, continuous and substantial connections between Timpone and the State of Missouri.

Brian Timpone is a resident and citizen of Illinois who has no real estate or bank accounts in Missouri (Timpone Dec. ¶¶1-2) and Plaintiffs allege no facts that would suggest that he is subject to general jurisdiction in Missouri.

    B.     **Timpone is Not Subject to Specific Jurisdiction in Missouri.**

"Only if the instant suit arises out of [the defendant's] contacts with Missouri does Missouri have specific jurisdiction." *State ex rel. PPG Industries, Inc. v. McShane*, 560 S.W.3d 888, 893 (Mo. banc 2018). This means that specific personal jurisdiction requires "a connection between the forum and the specific claim at issue." *Id.* at 893. Plaintiffs have the burden of showing the necessary connection. *Ge z v. TM Salinas, Inc.*, 412 S.W.3d 441, 447 (Mo. Ct. App. 2013). Plaintiffs' amended complaint does not show such contacts or connection.

This case purports to be brought under the Missouri Fraudulent Transfer Act, UFTA 428.005-428, and "Missouri Common Law Fraudulent Conveyance". Although the complaint

alleges several instances in which the ownership of Newsinator (before it became known as DirecTech) changed (Amend. Cplt. ¶¶15, 24), those transactions are not conveyances of the assets of the company.  Likewise, a conversion of a limited liability company from Missouri to Delaware or a combination of limited liability companies (Amend. Cplt. ¶27) is not a conveyance of assets—in either situation the assets remain with the company.[1]

The only actual conveyance of assets is alleged in paragraphs 29 and 30 of the Amended Complaint where Plaintiffs allege that in November 2019 DirecTech sold or transferred assets to Southern CB, which then transferred the assets to Brian Timpone, who transferred the assets to an un-named third party. As set forth in Timpone's declaration, his transactions regarding the assets did not occur in Missouri and the assets referred to were located or used in Illinois throughout the series of transfers. (Timpone Dec. ¶¶3-4).

In *Bryant* the Court held that Missouri employs a two-step process to determine whether specific personal jurisdiction over a defendant exists:

> Missouri courts employ a two-step analysis to evaluate personal jurisdiction.  First, the court inquires whether the defendant's conduct satisfies Missouri's long-arm statute, section 506.500.  If so, the court next evaluates whether the defendant has sufficient minimum contacts with Missouri such that asserting personal jurisdiction over the defendant comports with due process.

The Missouri Long-Arm Statute, Mo.Stat. 506.500, provides:

> 1. Any person or firm, whether or not a citizen or resident of this state, or any corporation, who in person or through an agent does any of the acts enumerated in this section, thereby submits such person, firm, or corporation, and, if an individual, his personal representative, to the jurisdiction of the courts of this state as to any cause of action arising from the doing of any of such acts:

---

[1] Plaintiffs mischaracterize both the corporate history of Newsinator LLC n/k/a DirecTech, LLC and statements regarding that history.  The actual history is set forth in the Supplemental Declaration of Andrew McKenna. (ECF Doc. #16-1).  Plaintiffs' mischaracterizations have no bearing on whether this Court can exercise personal jurisdiction over Brian Timpone in this case.

3

> (1) The transaction of any business within this state;
> (2) The making of any contract within this state;
> (3) The commission of a tortious act within this state;
> (4) The ownership, use, or possession of any real estate situated in this state;
> (5) The contracting to insure any person, property or risk located within this state at the time of contracting;
> (6) Engaging in an act of sexual intercourse within this state with the mother of a child on or near the probable period of conception of that child.
>
> 2. Any person, whether or not a citizen or resident of this state, who has lived in lawful marriage within this state, submits himself to the jurisdiction of the courts of this state as to all civil actions for dissolution of marriage or for legal separation and all obligations arising for maintenance of a spouse, support of any child of the marriage, attorney's fees, suit money, or disposition of marital property, if the other party to the lawful marriage lives in this state or if a third party has provided support to the spouse or to the children of the marriage and is a resident of this state.
>
> 3. Only causes of action arising from acts enumerated in this section may be asserted against a defendant in an action in which jurisdiction over him is based upon this section.

Although the Amended Complaint contains a conclusory allegation that Timpone "took actions in Missouri as responsible agents for one or more Missouri entities" and "took one or more unlawful acts in the State of Missouri in St. Louis County" (Amended Cplt. ¶4), Plaintiffs do not allege facts showing any such acts.  Plaintiffs must establish personal jurisdiction based on facts and a pleading that simply parrots legal elements is insufficient.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," and the court is "not bound to accept as true a legal conclusion couched as a factual allegation."). See also *State ex rel. Scott v. Marsh*, 661 S.W.2d 601, 603 (Mo. Ct. App. 1983); *Mello v. Giliberto*, 73 S.W.3d 669, 674 (Mo. Ct. App. 2002 ).  Moreover, personal jurisdiction, once challenged, must be shown by evidence, not pleading allegations.  *Fastpath, supra*.

The allegations in the Amended Complaint simply do not show that Plaintiffs' claims of fraudulent conveyance arise from contacts by Timpone with the State of Missouri. Although Plaintiffs allege that Timpone caused DirecTech assets to be transferred to a Missouri company (Southern CB LLC) and then from that company to himself, Plaintiffs allege no facts showing that the transactions with Southern CB occurred in Missouri or that the assets involved were in Missouri. (Timpone Dec. ¶¶3-4). A transaction with a Missouri company that occurs outside Missouri and involves assets outside Missouri does not, without more, confer specific jurisdiction over the person transacting business with the Missouri company. For example, in *Cepia, LLC v. Universal Pictures Visual Programming Ltd.,* 177 F.Supp. 3d 1129, 1137-38 (E.D. Mo. 2016), the Court rejected a claim of personal jurisdiction over a foreign defendant where the claim of jurisdiction was based on a contract and on-going business relationship between the defendant and a company located in Missouri. The Court cited *Scullin Steel Co. v. National Ry. Utilization Corp.*, 676 F.2d 309, 313 (8th Cir. 1982) ("It is a defendant's contacts with the forum state that are of interest in determining if *in personam* jurisdiction exists, not its contacts with a resident….Merely entering into a contract with a forum resident does not provide the requisite contacts between the defendant and the forum state." (internal citations omitted).

Plaintiffs allege that Timpone was the sole member of Southern CB, LLC. (Amended Cplt. ¶11.) His ownership of Southern CB is not sufficient to support jurisdiction over Timpone in Missouri. *A.O.A. v. Rennert*, 350 F. Supp. 3d 818, 831 (E.D. Mo. 2018) (citing Mo. Ann. Stat. § 506.500.1(1), (3)) ("Merely alleging that a party is a shareholder, even a 100% shareholder, without more does not establish personal jurisdiction over the shareholder."). Nor does 100% ownership make a Missouri corporation or limited liability company the alter ego of the owner in the absence of facts showing that corporate formalities were disregarded—facts

that do not appear in the Amended Complaint. Under Plaintiffs' argument, any small corporation would be deemed to be the alter ego of its majority owner. That is not the law. Even "showing that one individual has absolute control of a corporation does not, without more, justify disregarding legal forms." *Fairbanks v. Chambers*, 665 S.W.2d 33, 37 (Mo. Ct. App. 1984).

Plaintiffs' last resort is to allege that Timpone's alleged acts had their "effect against the Plaintiffs in St. Louis County, Missouri." (Amended Cplt. ¶4). However, allegations without more that out-of-state acts or transactions had an effect on persons who are residents of Missouri is insufficient to confer jurisdiction over the out-of-state defendants. *Johnson v. Arden*, 614 F.3d 785, 796-97 (8th Cir. 2010); *Thomas v. Chesapeake Energy Corp.,* 2007 WL 9805604 *3 (E.D. Mo.). The alleged effect on a forum resident is relevant only if the in-state effects of a defendant's extraterritorial acts are "uniquely and expressly aimed at the forum." *Cepia, supra,* at 1149. Plaintiffs' conclusory allegation that the alleged fraudulent transfer affected them in Missouri does not show that the "effect" of the transaction was unique to them and distinguishable from an effect on other creditors.

**II.     Plaintiffs' Amended Complaint Fails to State a Claim Because It Fails to Plead Facts Showing a Fraudulent Conveyance.**

The only conveyance of assets alleged in the Amended Complaint is found in paragraphs 29 and 30 where Plaintiffs allege that DirecTech transferred "Newsinator's assets" to Southern CB which in turn transferred the assets to defendant Brian Timpone. In each paragraph, Plaintiffs allege that the transfers of assets were "for inadequate value, and in an attempt to avoid potential judgment creditors, PLAINTIFFS."

Plaintiffs are required to plead claims of fraud with particularity. Fed.R.Civ.Proc. 9(b). This applies to claims of fraudulent conveyance. *Stoebner v. Opportunity Finance, LLC,* 909 F.3d

6

219, 226 n.6 (8th Cir. 2018); *Residential Funding Co., LLC v. Bell State Bank & Trust,* 637 Fed. Appx. 970, 971 (8th Cir. 2016).

Plaintiffs' Amended Complaint does not allege any of the elements of a claim of fraudulent conveyance with particularity.  First, Plaintiffs simply describe the assets transferred as "Newsinator's assets".  (Amend. Cplt. ¶¶29, 30). This is hardly a statement made with particularity. Second, Plaintiffs allege these vaguely described assets were sold for "inadequate fair value or consideration".  *Id.* "Inadequate" consideration means that there was some consideration but Plaintiffs do not provide any facts regarding the value of the assets transferred or the value of the consideration that they deem "inadequate."  In other words, Plaintiffs' claims are entirely speculative and thus do not constitute a plausible claim for relief under the *Twombly-Iqbal* standards.  See, *e.g.*, *Benton v. Merrill Lynch & Co., Inc.,* 524 F.3d 866, 870 (8th Cir. 2008) ("The complaint must allege facts, which, when taken as true, raise more than a speculative right to relief.") Because Plaintiffs do not allege facts as to what consideration was paid or why it was inadequate, their allegation not only fails the test of particularity, it is simply a legal conclusion that without factual support does not plead an element required to state a plausible claim for relief. See *Stoebner, supra, citing Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," and the court is "not bound to accept as true a legal conclusion couched as a factual allegation.")

Finally, Plaintiffs further allege that the transfer of "Newsinator's assets" was done "in an attempt to avoid judgment creditors, PLAINTIFFS."  (Amend. Cplt. ¶¶29, 30).  This is yet another legal conclusion unsupported by factual allegations. These Plaintiffs are not potential judgment creditors of DirecTech (whose assets are the subject of this complaint) or of Southern CB in the

7

Cook County Litigation[2], so the transfer of any DirecTech assets cannot be inferred to have been intended to avoid a judgment in favor of these plaintiffs against DirecTech or against Southern CB.

According to Plaintiffs' Complaint, DirecTech transferred assets to Southern CB for inadequate consideration and Southern subsequently transferred the same assets to its sole member, Brian Timpone, for inadequate consideration, and Timpone then transferred the assets to an un-named third party for inadequate consideration. In other words, Plaintiffs allege that the assets passed-through Timpone. A "pass-through" transfer does not constitute a basis for a claim under the Act against the pass-through entity. In *Higgins v. Ferrari*, 474 S.W.3d 630, 642 (Mo. Ct. App. 2015), the Court explained that "Constructive fraud is concerned with the underlying economic realities of the situation" and held that where the position of creditors was not undermined as the result of a transfer, there is no cause of action.

Finally, Plaintiffs allege that at each step of transfer of assets the remaining entity was left insolvent "relative to the potential debt outstanding to Plaintiffs." (ECF Doc #5, at ¶41). This allegation is wholly conclusory and conjectural--it simply parrots an element of a claim of constructive fraudulent transfer. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations ..., a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief'

---

[2] A copy of the operative Cook County complaint was filed with the Court in this case in connection with DirecTech's motion to dismiss.  See ECF Doc. #17-2.  As a document referred to in the present complaint, the Court can take judicial notice of the document for the purpose of identifying the claims asserted in that complaint, but not for the truth of those allegations.  As discussed in detail in the memoranda supporting the motions to dismiss by DirecTech and Andrew McKenna, the present Plaintiffs are not personally potential creditors of those defendants.  Nor are they potential creditors of Southern CB which is not a party in that case.

requires more than labels and conclusions[.]"). Plaintiffs have not alleged any facts that would show that a transfer by Timpone of assets that he allegedly received for inadequate consideration could render him insolvent. *See Higgins*, 474 S.W.3d 630, 642 ("Constructive fraud is concerned with the underlying economic realities of the situation.").

Accordingly, the Amended Complaint does not state a plausible claim for relief against Brian Timpone.  *Iqbal, supra.*

                Respectfully submitted,

                **LITCHFIELD CAVO LLP**

By: /s/ *Alan I. Becker*
   One of the Attorneys for Defendant
   Brian Timpone

   Alan I. Becker, Illinois ARDC #0147524
   *Admitted Pro Hac Vice*
   **LITCHFIELD CAVO LLP**
   303 W. Madison Street, Suite 300
   Chicago, Illinois  60606
   (312) 781-6622 (Direct)
   (312) 781-6677 (Phone)
   (312) 781-6630 (Facsimile)
   Becker@LitchfieldCavo.com

   Kevin P. Clark, #53811
   **LITCHFIELD CAVO LLP**
   222 S. Central Avenue, Suite 110
   St. Louis, MO 63105
   (314) 396-8601 (Direct)
   (314) 725-1227 (Phone)
   (314) 725-3006 (Fax)
   Clark@LitchfieldCavo.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 8, 2022, I filed the **Memorandum in Support of the Motion to Dismiss by Defendant Brian Timpone** *via* the Eastern District of Missouri CM/ECF. Notice of this filing will be sent to all counsel of record by operation of the Court's electronic CM/ECF system.

/s/     Alan I. Becker