UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CONTROL NEW MLSS LLC, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | )   No. 4:21 CV 1522 CDP |
| | ) |
| BRIAN TIMPONE, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM & ORDER

This confusing and procedurally complicated case arises out of ongoing litigation among former business partners. The plaintiffs are a Missouri limited liability company—Control New MLSS LLC, referred to here as CNML—and an individual Missouri citizen—Edward "Coach" Weinhaus," who is also plaintiffs' counsel. Defendants[1] are all non-Missouri individuals or LLCs. In 2016, Plaintiffs filed a derivative shareholder action Cook County, Illinois against Newsinator LLC and other defendants here. Case No. 2016-CH-07155. In that ongoing case, Plaintiffs bring several claims on their own behalf and derivatively

---

[1] Defendants are Brian Timpone, Andrew McKenna, Timothy Dunn, Brad Cameron, Newsinator LLC, Southern CB LLC, and DirecTech LLC. Southern CB was formed under the laws of Missouri, but for purposes of diversity jurisdiction, a limited liability company's citizenship is the citizenship of all its members. *GMAC Commercial Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004). And no members of Southern CB are citizens of Missouri. (See ECF 5 at p. 2.)

on behalf of Locality Labs, LLC, or Locality.[2]  The only claims against Newsinator in that case are asserted by CNML on behalf of Locality.

The gist of Plaintiffs' complaint before this Court is that defendants fraudulently transferred Newsinator's assets to prevent Plaintiffs from collecting a potential judgment against it in Cook County.  Beginning in 2018, Defendants allegedly transferred Newsinator's amongst themselves, and then to an unknown party at an unknown date.  Plaintiffs allege Defendants made each transfer to "hinder, delay and defraud Plaintiffs as potential judgment creditors of Newsinator in the Cook County Lawsuit."  (ECF 5 at pp. 10-16.)  They also allege that Defendants Cameron and Dunn provided substantial and material support for two of the transfers.  (*See* ECF 5 at pp. 8-9, 16-17.)

In their amended complaint, Plaintiffs challenge each transfer under the Missouri Uniform Fraudulent Transfer Act, Mo. Rev. Stat. §§ 428.005 to 428.059 (MUFTA), and the common law.  They also seek to impose liability on Cameron and Dunn for aiding and abetting some of the fraudulent transfers and seek to pierce the corporate veil of some of the defendant LLCs.  They request an order placing Defendants' assets in a constructive trust, damages, punitive damages, and attorney's fees.

---

[2] In Plaintiffs' amended complaint, they allege that they filed claims on behalf of "DERIVATIVE SUIT COMPANY."  (*See* ECF 5.)  However, later briefing and the operative complaint in the Cook County case clarify that this company is Locality.

2

Defendants move to dismiss Plaintiffs' claims, arguing, among other things, that Plaintiffs lack standing because they have not alleged an injury. Essentially, Defendants argue Plaintiffs have no right to payment from Newsinator because the only claims against Newsinator in the Cook County case are asserted derivatively on behalf of Locality.[3] (*See* ECF 17-2.) Even though CNML is the nominal plaintiff asserting those claims, Defendants reason that any potential judgment in that suit belongs to Locality, and Plaintiffs have no legal interest in the judgment in their own right. Thus, they will not be injured by the alleged transfers. Because I agree that Plaintiffs lack Article III standing to bring this case, I will dismiss their amended complaint for lack of subject matter jurisdiction.

## Discussion

Article III standing "presents a question of justiciability; if it is lacking, a federal court has no subject-matter jurisdiction over the claim." *Miller v. Redwood Toxicology Lab., Inc.*, 688 F.3d 928, 934 (8th Cir. 2012) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 92-94, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998)). For Article III standing, plaintiffs must show: (1) that they suffered an "injury in fact"; (2) that a causal relationship exists between the injury and the challenged

---

[3] Many of the parties' arguments address whether Plaintiffs qualify as "creditors" under MUFTA. But whether Plaintiffs have alleged facts showing that they are "creditors" under MUFTA is a distinct inquiry from whether Plaintiffs have alleged facts showing that they have Article III standing. *See Enterprise Financial Group, Inc. v. Podhorn*, 930 F.3d 946, 950-52 (8th Cir. 2019).

3

conduct; and (3) that it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992); *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180-81, 120 S.Ct. 693, 145 L.Ed.2d 610 (2000); *Steger v. Franco, Inc.*, 228 F.3d 889, 892 (8th Cir. 2000). As the parties invoking federal jurisdiction, plaintiffs bear the burden to establish standing. *Lujan*, 504 U.S. at 561, 112 S.Ct. 2130.

Plaintiffs claim that they will be injured by Defendants' transfers for three reasons. First, they argue that a judgment against Newsinator will benefit them because they are members of Locality, so they will be injured by Newsinator's inability to pay a judgment. Second, they argue that under Delaware law, the law they claim applies in the Cook County case, the court may grant them direct relief on CNML's derivative claims against Newsinator. Third, they argue that they may recover their litigation expenses from Newsinator under the common fund doctrine. Unless Defendants settle the Cook County case without judgment, Plaintiffs conclude, they have sufficiently alleged that they have standing as potential judgment creditors.

Plaintiffs' claims are without merit. "Even when the plaintiff has alleged injury sufficient to meet the 'case or controversy' requirement, [the Supreme Court] has held that the plaintiff generally must assert his own legal rights and

4

interests, and cannot rest his claim to relief on the legal rights or interests of third parties." *Warth v. Seldin*, 422 U.S. 490, 499 (1975). "Because a corporation is an entity separate and distinct from its shareholders, a shareholder does not have standing to assert a claim for harm suffered by the corporation." *In re AFY, Inc.*, 902 F.3d 884, 890 (8th Cir. 2018). Thus, the harm to all Locality members caused by Newsinator's inability to pay a judgment is insufficient to create standing for Plaintiffs. To have standing, Plaintiffs must allege facts showing that they will be *directly* injured, independent of any harm to Locality. *See Potthoff v. Morin*, 245 F.3d 710, 717 (8th Cir. 2001).

Plaintiffs' second argument fares no better. They argue that they are directly injured by the transfers because, under Delaware law, "individual members can earn direct relief on an entity-level claim, and have done." (ECF 19 at p. 10.) But, in a shareholder derivative action, "any recovery must go to the corporation." *Brookfield Asset Mgmt., Inc. v. Rosson*, 261 A.3d 1251, 1262-63 (Del. 2021). Derivative standing enables a stockholder to bring suit on behalf of the corporation for harm done to the corporation. *Tooley v. Donaldson, Lufkin & Jenrette, Inc.*, 845 A.2d 1031, 1036 (Del. 2004). *See also* Del. Code Ann. tit. 6 § 18-1001 (creating right to sue derivatively on behalf of an LLC). As the Delaware Supreme Court explained in *Schoon v. Smith*, a case cited by Plaintiffs:

> The stockholder does not bring such a suit because *his* rights have been *directly* violated, or because the cause of action is *his*, or because *he* is

> entitled to the relief sought; he is permitted to sue in this manner *simply in order to set in motion the judicial machinery of the court* . . . . In fact, the plaintiff has no such *direct* interest; the defendant corporation alone has a direct interest; the plaintiff is permitted, notwithstanding his want of interest, to maintain the action *solely to prevent an otherwise complete failure of justice*.

953 A.2d 196, 202 (Del. 2008).

Plaintiffs cite several instances in which Delaware courts granted individual shareholders direct relief on their claims, but in each of those cases the court merely determined that the plaintiffs alleged individual claims. *See In re Cencom Cable Income Partners, L.P.*, No. C.A. 14634, 2000 WL 130629, at *3 (Del. Ch. Jan. 27, 2000*); Fischer v. Fischer*, No. C.A. 16864, 1999 WL 1032768, at *3 (Del. Ch. Nov. 4, 1999*); In re Gaylord Container Corp. S'holders Litig.*, 747 A.2d 71, 82 (Del. Ch. 1999); *Boyer v. Wilmington Materials, Inc.*, 754 A.2d 881, 902-03 (Del. Ch. 1999). I also note that these cases applied the "special injury" analysis rejected by the Delaware Supreme Court in *Tooley*. 845 A.2d at 1035 ("In our view, the concept of 'special injury' that appears in some Supreme Court and Court of Chancery cases is not helpful to a proper analytical distinction between direct and derivative actions. We now disapprove the use of the concept of "special injury" as a tool in that analysis.") In that case, the court clarified that the distinction between direct and derivative claims "must turn *solely* on the following questions: (1) who suffered the alleged harm (the corporation or the suing

6

stockholders, individually); and (2) who would receive the benefit of any recover or other remedy (the corporation or the stockholders, individually)?" *Id.* at 1033.

Here, Plaintiffs do not dispute that CNML's claims against Newsinator in the Cook County case are asserted derivatively on behalf of Locality; they do not even argue that CNML's claims allege a direct injury. (*See* ECF 19 at p. 10 ("Thus, individual members can earn direct relief on an entity-level claim, and have done."); ECF 49 at p. 5 ("Delaware law firmly allows equitable direct relief even for derivative claims."); *Id.* at p. 4 ("Plaintiffs here who are the only plaintiffs in another case because they are members of a limited liability company, are suing on behalf of all members . . . and would otherwise not have standing.").)

Finally, even if they have no right to a judgment against Newsinator, Plaintiffs argue that they may still recover legal fees as the derivative plaintiff asserting claims on behalf of Locality under the common fund doctrine. That doctrine allows the court to award a successful shareholder plaintiff in a derivative action "reasonable expenses, including reasonable attorney's fees." 805 Ill. Comp. Stat. Ann. 180/40-15. Plaintiffs argue Defendants' fraudulent conveyances will leave Newsinator unable to pay these expenses.

This injury is simply too speculative. An actual injury or threat of injury must be concrete and particularized, actual or imminent; not conjectural or hypothetical. *O'Shea v. Littleton*, 414 U.S. 488, 494, 94 S.Ct. 669, 38 L.Ed.2d 674

(1974) (citing *Golden v. Zwickler*, 394 U.S. 103, 109-10, 89 S.Ct. 956, 22 L.Ed.2d 113 (1969). " '[A]llegations of possible future injury' are not sufficient." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409, 133 S. Ct. 1138, 1147, 185 L. Ed. 2d 264 (2013). Plaintiffs' claim that, if they prevail on their derivative claims, they may be entitled to attorney's fees, is precisely such a conjectural injury.

This conclusion does not conflict with the Eighth Circuit's decision in *Enterprise Financial Group v. Podhorn*, 930 F.3d 946 (8th Cir. 2019). In that case, Enterprise alleged that North American Vehicle Insurance Services LLC sold Enterprise's vehicle service contracts and agreed to pay a share of refunds for early cancellation of those contracts. When NAVISS failed to meet this obligation, Enterprise had to pay NAVISS's share of the refunds, totaling more than $6 million. Enterprise sued NAVISS in state court. While that case was pending, NAVISS transferred all its assets, and Enterprise brought a Missouri Uniform Fraudulent Transfer Act claim against the transferees. The Eighth Circuit rejected defendants' argument that Enterprise's injuries were "hypothetical and conjectural," because the Texas court had not rendered a judgment. *Id.* at 949. It reasoned that Enterprise sufficiently alleged an injury in fact when it claimed that it was forced to pay six million dollars as a result of NAVISS and its owners' actions. *Id.* at 949-950.

Unlike in *Enterprise*, Plaintiffs do not have an injury in fact attributable to Newsinator. As explained above, Plaintiffs agree that Newsinator's actions injured Locality, not them individually. The only injury to Plaintiffs under this theory—the inability to recover their litigation expenses—is contingent on Plaintiffs prevailing on their claims against Newsinator. And it is speculative that they will do so.

Because, under the facts alleged, Plaintiffs will not be directly injured by Newsinator's inability to pay a judgment to Locality, and their right to payment from Newsinator is too speculative, they have not alleged an Article III injury. Thus, this Court lacks subject matter jurisdiction over their claims.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motions to Dismiss [ECF 16, 33, 38, 45] are granted.

**IT IS FURTHER ORDERED** that Plaintiff Edward "Coach" Weinhaus and Control New MLSS LCC's amended complaint [ECF 5] is dismissed without prejudice.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 13th day of December, 2022.